UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff/Stakeholder,<br><br>v.<br><br>TRACEY GOYETTE COTE, Administrator of the ESTATE of GEORGE T. CAMPBELL, III., Deceased, E.P. CAMPBELL, a minor, LUKE THOMAS CAMPBELL, and LARISSA KIERS,<br><br>        Defendants/Claimants. | Case No. 1:25-CV-00095 |

**PRINCIPAL NATIONAL LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER AND REQUEST TO INTERPLEAD FUNDS**

Plaintiff/Stakeholder Principal National Life Insurance Company, by its undersigned counsel, for its Complaint for Interpleader and Other Equitable and Declaratory Relief pursuant to 28 U.S. Code § 1335 against Defendants, TRACEY GOYETTE COTE, Administrator of the ESTATE of GEORGE T. CAMPBELL, III., Deceased, E.P. CAMPBELL, a minor, LUKE THOMAS CAMPBELL, and LARISSA KIERS (collectively "Defendants") states as follows:

## INTRODUCTION

1. This is an action in interpleader by Plaintiff/Stakeholder Principal National Life Insurance Company ("Principal") pursuant to 28 U.S. Code § 1335 for a discharge of Principal's liability with respect to life insurance benefits due as a result of the death of George T. Campbell, III. ("Decedent").

## PARTIES

2. Plaintiff/Stakeholder Principal is an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business located at 711 High Street, Des Moines, Iowa 50392-0410.

3. Upon information and belief, the ESTATE of GEORGE T. CAMPBELL, III., Deceased (Decedent's Estate") represents all the possessions of the Decedent, who has died and is

subject to probate or similar administration supervised by the 6th Circuit – Probate Division – Concord, New Hampshire.

4. On or about February 12, 2025, Administrator of Decedent's Estate, Tracey Goyette Cote was appointed to administer Decedent's Estate, and she accepted that responsibility. (*See* **Exhibit A**, Certificate of Appointment from the 6th Circuit -Probate Division – Concord as of February 13, 2026, Case No. 312-2025-ET-00066).

5. Defendant E.P. CAMPBELL ("E.P. Campbell") is the minor daughter of the Decedent and Defendant LARISSA KIERS ("Kiers"), and, upon information and belief, is a citizen of and domiciled in the City of Exeter, County of Rockingham, State of New Hampshire.

6. Defendant LUKE THOMAS CAMPBELL ("Luke Campbell") is the son of Decedent and Defendant LARISSA KIERS ("Kiers"), and, upon information and belief, is a citizen of and domiciled in the City of Exeter, County of Rockingham, State of New Hampshire.

7. Defendant Kiers is the former spouse of the Decedent, and upon information and belief, is a citizen pf and domiciled in the City of Exeter, County of Rockingham, State of New Hampshire.

8. Upon information and belief, Kiers is the mother of E.P. Campbell and is her sole legal guardian.

## JURISDICTION

9. This Honorable Court has original jurisdiction over this controversy pursuant to 28 U.S. Code § 1335 and 28 U.S. Code § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

## FACTS

10. On or about October 9, 2015, Principal issued a life insurance policy to Decedent with Policy No. 4855776 ("Policy"), whereby Principal promised to pay the designated beneficiary the sum of $500,000.00 on the death of Decedent. A true and correct copy of the life insurance Policy, which sets forth the terms of life insurance coverage for the Policy, is attached hereto as **Exhibit B.**)

11. The Policy provides the policy owner the right to name his beneficiary, and states that life insurance benefits will be paid to the beneficiary if the insured dies while he is insured under the Policy.

12. At the time Principal issued the Policy, Decedent designated as the beneficiary, "Larissa Kiers, ex-spouse, if living, otherwise Tracey Cote, Fiancé". (A true and correct copy of the Policy Issue Packet is attached hereto as **Exhibit C**; *see* Exh. C at p. 11).

13. In August 2012, Decedent and Kiers entered into a mutually agreed upon Final Decree on Petition for Divorce (the "Divorce Decree") in connection with their divorce proceeding filed in the 10th Circuit Court – Family Division – Brentwood, New Hampshire. (A true and correct copy of the Divorce Decree is attached hereto as **Exhibit D.**).

14. Under Section 7 of the Divorce Decree, Decedent had the following life insurance obligations:

> 7. <u>LIFE INSURANCE</u>:
>
> A. George shall maintain term life insurance in the amount of $500,000 naming Larissa as trust beneficiary for the children until the youngest child graduates from high school.

(*See* Exh. D. at p. 2, §7. A.).

15. Decedent died on December 17, 2024.

16. On or about January 23, 2025, Principal received an Individual Life Insurance Claim Form Beneficiary Statement, completed by Kiers under which she sought to have the proceeds of the Policy be distributed to her on the basis that she claims to be the sole beneficiary of the Policy. (A true and correct copy of the Individual Life Insurance Claim Form Beneficiary Statement is attached hereto as **Exhibit E.**).

17. Upon Decedent's death, the Policy Benefits became payable to the proper beneficiary pursuant to the terms of the Policy.

18. Principal does not dispute that the Policy Benefits are owed but is unable to disburse the Policy Benefits given the conflicting effects of the aforementioned instruments.

19. In one instrument, Decedent designated his former spouse, Kiers, if living, as the beneficiary of the Policy, and "otherwise Tracey Cote, fiancé" as the beneficiary of the Policy. (*See* Exh. C. at p. 4).

20. Yet in another instrument, Decedent and Kiers mutually agreed Decedent would maintain term life insurance in the amount of $500,000 naming "Larissa [Kiers] as trust beneficiary for the children until the youngest child graduates from high school." (*See* Exh. D. at p. 2, §7. A.).

21. Principal believes ambiguity exists in Section 7. A. of the Divorce Decree.

22. Specifically, Section 7. A. of the Divorce Decree does not clearly show whether Decedent was to name or maintain Kiers individually as the sole beneficiary under the Policy, *or* whether Decedent was to name his children as beneficiaries with Kiers holding any life insurance benefit either in trust or as a custodian for the children until the youngest of the children (E.P. Campbell) graduated from high school.

23. It is further unclear from the language used in the Divorce Decree whether any potential beneficiaries' interest changes when Decedent's youngest child, E.P. Campbell graduates, the interest in the Policy benefits transfer to her and her brother or whether the interest int eh Policy benefits transfers to Kiers—so long as she living.

24. Further complicating matters, the beneficiary designation on file with Principal (*see* Exh. C. at p. 4) can be read to be in conflict or otherwise inconsistent with the language within the Divorce Decree setting forth Decedent's obligations to maintain life insurance for the benefit of his children. (*See* Exh. D. at p. 2, §7. A.).

25. On information and belief, E.P. Campbell is sixteen (16) years old today.

26. On information and belief, Luke Campbell is twenty (20) years old today.

## COUNT I - INTERPLEADER RELIEF

27. Principal restates, re-alleges and incorporates its preceding allegations as if fully set forth herein.

28. The terms of the Policy require Principal to pay the Policy Benefits to the beneficiary of record designated at the time of Decedent's death. As set forth above, Principal has been presented with conflicting claims to who is or are the proper beneficiary for Policy Benefits.

29. Principal is unable to determine whether Kiers is the sole beneficiary of the Policy Benefits, or whether the children, E.P. Campbell and Luke Campbell, are the beneficiaries of the Policy Benefits.

30. As such, Principal is unable to pay out the Policy Benefits without the risk of double liability.

31. Principal files this Complaint-in-Interpleader in good faith and without any collusion with any of the parties hereto.

32. Principal claims no interest in the Policy Benefits (except to recover its attorneys' fees and costs of this action) and is merely a disinterested stakeholder in the action.

33. Principal admits its liability to pay the Policy Benefits and will deposit the Policy Benefits plus any applicable interest with the Court in connection with these proceedings for disbursement in accordance with the judgment of this Court.

34. Principal is an innocent and disinterested stakeholder, and as such, should not be compelled to become involved and to have to determine to whom the Policy Benefits are payable.

35. Principal is, and always has been, ready, able, and willing to pay the Policy Benefits to the person(s) who may be lawfully entitled to receive them.

36. However, Principal is unable to determine who is entitled to receive these funds without being subject to the real and reasonable potential of multiple liabilities as a result of the ambiguity raised by the conflicting positions between the Beneficiary Designation and the Divorce Decree, as described above.

37. Principal has incurred, and will continue to incur, attorneys' fees and costs in connection with this interpleader action and will seek to recover those fees from the stake at issue.

38. Principal states the total death benefit under the Policy due is $500,000.000.

**PRAYER FOR RELIEF**

WHEREFORE, Principal prays for judgment against Claimants, and each of them, as follows:

1. That this Court grant leave to Principal to deposit the Policy Benefits in the amount of $500,000.000 due under the Policy into the registry of this Court, until the issue of entitlement to the Policy Benefits is adjudicated;

2. That Defendants, and each of them, be required to interplead and litigate or settle amongst themselves their claims to the Policy Benefits at issue;

3. That this Court enter an order setting forth the proper custodian recipient of the Policy Benefits, including any assignees;

4. That the Court enter an order restraining and enjoining Defendants/Claimants from instituting any action or proceeding in any state or federal court against Principal, the Policy or its agents for the recovery of the Policy Benefits, plus any applicable interest, by reason of the death of Decedent;

5. That, if the Court deems it necessary, assign an independent guardian ad litem to represent the interests of the Decedent's minor child, E.P. Campbell;

6. That Principal be discharged of all liability with respect to the Policy and the Policy Benefits due thereunder as a result of Decedent's death and be dismissed from the action;

7. That Principal be awarded its attorneys' fees and costs, paid out of the stake to be deposited with the Court; and

8. That Principal be awarded such other and further relief as this Court deems just, equitable, and proper.

| | |
|---|---|
| Dated:  March 5, 2025 | Respectfully Submitted,<br><br>**Principal National**<br>**Life Insurance Company**<br><br>By its Attorney,<br><br>*/s/ Tara E. Lynch*_____<br>Tara E. Lynch, Esq. (NH Bar No. 268344)<br>Gordon Rees Scully Mansukhani, LLP<br>409 Elm Street, Suite 4<br>Manchester, NH 03101<br>(857) 295-6877<br>tlynch@grsm.com |